IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-64,293-01,-02






EX PARTE MICHAEL LYNN WALLS, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS 


FROM BROWN COUNTY

IN CAUSE NOS. CR-16-888 & 13,236

IN THE 35TH DISTRICT COURT




 Per curiam.


 O R D E R


 These are applications for writ of habeas corpus that were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of the offenses of burglary of a habitation and possession of a
controlled substance. He was sentenced to confinement for six years for each offense. No
direct appeals were taken.

 Applicant contends that he is being denied release to mandatory supervision. The trial
court has entered an order concluding "that there are no controverted, previously unresolved
facts material to the legality of the Applicant's confinement . . . ." However, we disagree. 
Applicant has stated facts requiring resolution. Because this Court cannot hear evidence, it
is necessary for the matter to be remanded to the trial court for resolution. This trial court
shall resolve the factual issues as set out in Tex. Code Crim. Proc. art 11.07, § 3 (d), in that
it may order affidavits, depositions, or interrogatories from TDCJ-Parole Division , or it may
hold a hearing. In the appropriate case, the trial court may also rely on its personal
recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant is being denied release to mandatory supervision and, if so, the
reasons for such denial. The trial court shall then make findings of fact as to whether
Applicant is eligible for release to mandatory supervision. The trial court shall also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), these applications for a post-conviction writ of
habeas corpus will be held in abeyance pending the trial court's compliance with this order. 
The trial court shall resolve the issues presented within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 5th day of APRIL, 2006.





 

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.